**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

**LETTER OPINION**

November 19, 2008

**VIA U.S. MAIL**
Joseph Nelson
Special Treatment Unit
PO Box 699
3034 Hackensack Ave.
Kearny, NJ 07032

**VIA ELECTRONIC FILING**
Brian Hughes

      **Re:**    **Nelson v. Hughes, No. 07-5766 (JLL)**

Dear Counsel:

      This matter is before the Court by way of Defendant Brian Hughes's ("Defendant" or "Hughes" motion to dismiss the Complaint against him. (Docket Entry No. 19.) Plaintiff Joseph Nelson ("Plaintiff" or "Nelson") has not filed opposition. This Court has reviewed the motion and decides the matter without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Defendant's motion is granted.

**I.**      **Background**

      On December 3, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 along with an application to proceed *in forma pauperis*. Noting that Plaintiff's institutional account statement showed a balance of $12,384.06, this Court denied his application and allowed him thirty days to reopen the case by paying the $350 filing fee in full. (Docket Entry No. 2.). Within the 30-day period, Plaintiff paid the entirety of the filing fee and asked that the case be reopened. On February 7, 2008 this Court issued an Order reopening the case and directing the Clerk to file the present Complaint. (Docket Entry No. 5.)

      Plaintiff is civilly committed at the Special Treatment Unit in Kearny, New Jersey,

pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, et seq.
Under the SVPA, Plaintiff is entitled to an annual court review hearing to determine whether his
continued civil commitment is warranted.  N.J.S.A. 30:4-27.35.  The State of New Jersey,
through the Attorney General, presents the case for the person's continued involuntary
commitment.  N.J.S.A. 30:4-27.29b.  The individual retains a right to counsel at the hearing, and
if he is indigent, he has a right appointed counsel.  N.J.S.A. 30:4-27.31a.  In this case, the
Defendant – Brian Hughes – an Assistant Deputy Public Advocate from the Division of Mental
Health Advocacy within New Jersey's Department of the Public Advocate, was appointed to
represent Plaintiff in his annual court hearing before the New Jersey Superior Court, Law
Division.  The hearing resulted in a finding for Plaintiff's continued civil commitment.

Now Plaintiff brings the present action pursuant to 42 U.S.C. § 1983, alleging that
Defendant Hughes "failed to cross examine the state's expert witness about mis-quoting
[Plaintiff] several times while on the witness stand." (Compl. at 6.)  Hughes then allegedly
ignored Plaintiff when he attempted to bring the misquotes to Hughes's attention.  (Id.)  Plaintiff
now claims that "by not challenging the truth of what the state's witness claims [Plaintiff] said
Mr. Hughes may have handed the case to the state" and cost Plaintiff his freedom.  (Id.)

As a remedy, Plaintiff asks for (1) "a special hearing to explore and challenge every
misquote and false statement in the record" (2) a new lawyer to represent him; and (3) a
discharge "as a result of the findings positive to [Plaintiff's] claim." (Compl. at 7.)  Defendant
Hughes moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on two grounds:
(1) the Rooker-Feldman doctrine bars this Court from exercising jurisdiction; and (2) Hughes
was not acting under color of state law for Section 1983 purposes when he represented Plaintiff.[1]

## II.    Analysis

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.
Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable
inferences in favor of the non-moving party.[2]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp.
v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to
credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re
Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal
conclusions draped in the guise of factual allegations may not benefit from the presumption of
truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

---

[1] Hughes actually leads with his Section 1983 argument, but the Court begins by
addressing Rooker-Feldman because it raises a jurisdictional argument.

[2] In doing so, a court may look only to the facts alleged in the complaint and any
accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild,
O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally. Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally"). Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519 (1972). With this framework in mind, the Court turns now to Defendant's motion.

### A.      Rooker-Feldman

The Rooker-Feldman doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Thus, it bars jurisdiction if the federal claim was "actually litigated" in state court prior to the filing of the federal action, or if the federal claim is "inextricably intertwined" with state adjudication. ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 211 (3d Cir. 2004). A claim is inextricably intertwined "(1) when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or (2) when the federal court must take action that would render the state court's judgment ineffectual." Id. at 211 (internal quotations and brackets omitted).

Here, Plaintiff, who lost in state court, is seeking to overturn that very state court judgment. Even though Plaintiff brings the claim under the guise of ineffective assistance of counsel, he seeks as a remedy to have a hearing on the underlying judgment and/or to overturn that judgment. This is precisely the type of action that falls within the scope of the Rooker-Feldman doctrine. See, e.g., Bonham v. Givens, 197 Fed. Appx. 148, 150 (3d Cir. 2006) (unpublished) (barring action, pursuant to Rooker-Feldman, that sought to reverse state court decision authorizing plaintiff's continuing involuntary commitment). Because Plaintiff asks this Court to effectively nullify a decision reached in state court, the Rooker-Feldman doctrine presents a complete bar to this Court's jurisdiction over the matter.

### B.      42 U.S.C. § 1983

Assuming *arguendo* that Plaintiff's claims are not barred by Rooker-Feldman, they would fail as a matter of law under Section 1983. Section 1983 states in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law, suit in equity, or other proper proceeding for redress
. . . .

42 U.S.C. § 1983.  To establish a violation of section 1983, Plaintiff must establish (1) that he
was deprived of rights, privileges, or immunities secured by the Constitution or laws of the
United States; and (2) that the alleged deprivation was committed under color of state law.  See,
e.g., 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999);
D'Aurizio v. Palisades Park, 963 F.Supp. 378, 383 (D.N.J. 1997).  Thus, section 1983 is not a
source of substantive rights, but provides a vehicle for vindicating the violation of other federal
rights.  See, e.g., Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Defendant argues that he was
not acting "under color of state law" for Section 1983 purposes when he represented Plaintiff at
his civil commitment hearing.  This Court agrees.

In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court found that a public
defender does not act under color of state law within the meaning of § 1983 "when performing a
lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Id. at 325.
This is because a public defender differs from the typical Government actor – his professional
and ethical obligations require him to act in a role adverse to the State.  Id. at 318-19.  Thus, for
the purposes of Section 1983, a public defender "is not acting on behalf of the State; he is the
State's adversary."[3]  Id. at 323 n.13.  Hughes, as Plaintiff's publicly-appointed counsel,
performed his traditional function as his client's attorney and his actions fall squarely within the
Polk exception to Section 1983 actions.  See also Allen v. Reilly, No. 07-2331, 2008 WL 131359
at *3-4 (S.D.Cal. Jan. 11, 2008) (public defender appointed to represent plaintiff in his civil
commitment hearing was not acting "under color of state law" for purposes of Section 1983).

## III.    Conclusion

For the aforementioned reasons, Defendant's motion to dismiss is granted.  An
appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge

---

[3] This does not preclude a Section 1983 in which the complaint alleges that the public
defender engaged in a conspiracy with state officials to deprive an individual of federal rights.  In
that situation, the public defender would be acting "under color of" state law.  Tower v. Glover,
467 U.S. 914, 920, 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984).